Locke, Jeffrey A., J.
This matter comes before the Court on plaintiffs Motion to Consolidate the above-entitled case with the related case of Norma Gonzalez, Executrix of the Estate of Nelson Gonzalez, Individually and as Mother and Next Friend of Josue Gonzalez v. Eliezer Katz, M.D. et al.,[2] Worcester Civil No. 2005-0217-A. * The motion was filed in accordance with Superior Court Rule 9A and memoranda in opposition were received from various defendants in both cases.
Upon review, plaintiffs Motion to Consolidate is ALLOWED in part and DENIED in part.
Plaintiff s motion to consolidate is filed pursuant to Massachusetts Rule of Civil Procedure, Rule 42(a), which provides,
When actions involving a common question of law or fact are pending before the court, in the same county or in different counties, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
Under the rule, the court has broad discretion to permit consolidation of separate cases, in whole or in part, when in the interests of judicial economy and when consolidation will not unfairly prejudice any party to the proceedings.
The instant cases involve similar claims of medical malpractice relating to separate patients who received organ transplants at the U-Mass. Medical Center in Worcester. Each plaintiff asserts wrongful death claims related, in part, to the fact that the transplanted organs (Skirvin received a kidney, Gonzalez a liver) were harvested from a single donor, a 29-year-old man who died of glioblastoma multiforme, a form of terminal brain cancer. Common to both cases is the question of whether he was a suitable source of organ donation given his medical condition. Similarities favoring consolidation are that the cases involve organ harvesting and transplantation, from the same donor, occurring through the same coordinating source, and performed at the same hospital. In addition to common fact issues specific to the donor’s status, likely there will be expert testimony regarding whether transplantation of organs from a cancer source is appropriate and, if so, what sort of preliminary screening or testing is called for by prevailing standards of care. According to the plaintiff, one of her experts is Dr. Rafael Matesanz, a nephrologist and transplant surgeon from Europe, whose presence for multiple depositions or trials will be difficult and costly. Similarly, other experts from around the United States are expected to offer evidence regarding applicable professional standards for organ harvesting and/or transplantation.
Differences between the two cases are significant. Each plaintiffs’ decedent presented with different medical histories and conditions, were treated by different doctors, had different surgeons, and had different post-operative courses of treatment. In particular, after it was determined that the donor’s cancer had (or may have) metastasized, Mr. Skirvin had a nephrectomy to remove the transplanted kidney, and died nine months later. Upon autopsy it was determined that he was cancer-free. By contrast, Mr. Gonzalez chose not to have the transplanted liver removed, and is alleged to have died after cancer spread from the infected organ to other parts of his body. In each suit issues of informed consent, post-operative history and treatment, claims of conscious pain and suffering, and damage claims for wrongful death, will be distinctly different. The risk of prejudice to individual defendants by the consolidation of the cases for trial purposes is substantial.
*708 On balance, the differences outweigh the similarities between the two cases such that consolidation for trial is not appropriate. However, to reduce and streamline the discovery process relating to issues common to both cases, the Court will consolidate the cases for the limited purpose of discovery. Specifically, discovery related to: (1) the policies and practices of the New England Organ Bank, U-Mass Memorial Medical Center, and affiliated entities regarding the policies and procedures for accepting donor organs; (2) the organ donor, his medical condition and history, and fact issues relating to the decision to accept and transplant the donor’s organs; (3) biomedical ethics relating to organ transplantation; (3) depositions under Mass.R.Civ.P. 30(a) of expert witnesses intended to be introduced at both trials; and (4) any other areas agreed upon by the parties or as further ordered by the Court, are hereby consolidated.

ORDER

Plaintiffs Motion to Consolidate is ALLOWED in part, to permit consolidated discovery as set forth herein. In light of the number of parties and counsel in each case, the Court will hold a discovery conference on December 20, 2006 at 2:00 p.m. to establish a consolidated discovery schedule. Counsel should be prepared to set dates for such consolidated discovery, including video depositions of common experts, at that time.

Aaron Johnson, M.D., Andrew Duffy, M.D., Michelle Z. Haloversen, NP, MS, CCTC, U-Mass. Memorial Medical Center, Inc., U-Mass. Memorial Medical Group, Inc., The New England Organ Bank, Sheila P. Harms, R.N., B.S., C.P.T.C., Sharon Mathews, R.N., and Ann L. Lally, M.D.